**Robert W. BEST, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–0030.**

United States Court of Veterans Appeals.

June 30, 1997.

Kenneth M. Carpenter and Kelly C. Brown, Topeka, KS, were on the brief for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Assistant General Counsel; and Rosalind Eager, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

IVERS, Judge, filed the opinion of the Court. HOLDAWAY, Judge, filed a concurring opinion.

IVERS, Judge:

The appellant appeals a September 13, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying an earlier effective date for a 100% rating for post-traumatic stress disorder (PTSD), and also finding that there was no clear and unmistakable error (CUE) in a 1981 VA rating decision which denied service connection for generalized anxiety disorder along with other psychiatric disorders. *Robert W. Best,* BVA 94–15196 (Sept. 13, 1994). On December 19, 1995, the Court issued an order vacating and remanding that part of the decision that denied a 100% rating for PTSD prior to July 16, 1990. The Court has jurisdiction over the remaining issue pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will dismiss the appeal.

## I. Background

The appellant served on active duty in the United States Army from September 5, 1967, to June 4, 1970. Record (R.) at 110. Neither his preinduction nor separation physical examination revealed any psychiatric disorders. R. at 38–41, 42–45.

Service personnel records show that the appellant served in the Republic of Vietnam as a light weapons infantryman from March 10, 1968, to March 8, 1969. R. at 110. During his Vietnam tour, the appellant was wounded in combat on two occasions, taking shrapnel to his head and chest. R. at 45, 68, 69, 87, 104. The appellant received numerous commendations for his service, including two Purple Heart medals. R. at 110. Service medical records contain no documentation of psychiatric diagnosis or care. The appellant, however, listed that he had received treatment for a "nervous condition" in Tay Ninh, Vietnam, in 1969. R. at 137, 148.

In October 1979, the appellant filed a VA Form 21–526, VETERAN'S APPLICATION FOR COMPENSATION OR PENSION, seeking entitlement to service connection for residuals of pneumonia, shrapnel wounds, a foot condition, and a "nervous condition." R. at 136–39. A hospital summary, also dated in October 1979, showed that the appellant "probably" suffered from a personality disorder "characterized by immature and impulsive behavior ... exacerbated by some degree of alcohol abuse." R. at 143.

The appellant underwent a complete VA medical examination for purposes of disability evaluation in late February 1980. R. at 153–59. During that examination, the physician diagnosed the appellant with "recurrent depressions with passive aggressive personality." R. at 156. A rating decision issued on March 6, 1980, awarded the appellant service connection for residuals of a shell fragment wound to the head, and for tinea pedis (foot fungus), both rated noncompensable. R. at 161–62. Service connection for pneumonia was denied, and the rating decision did not include an adjudication on the appellant's claimed "nervous condition." *Ibid.*

In May 1981, the appellant underwent another VA examination in which he was diagnosed with the following: (1) generalized anxiety disorder; (2) alcohol abuse; (3) adjustment reaction; (4) mixed personality disorder with antisocial, passive-aggressive, and narcissistic features; (5) Wolff–Parkinson–White syndrome; (6) polycythemia (increase of red blood cells); (7) moderate to severe psychosocial stressors; and (8) poor level of adaptive functioning. R. at 166–69. Following the receipt of these examination results, the VA regional office (RO) issued a rating decision denying service connection for generalized anxiety disorder, with personality disorders and adjustment reaction. R. at 173–74. In the decision, dated August 13, 1981, the RO stated:

A personality disorder is a constitutional or developmental abnormality, not a disability for which S[ervice] C[onnection] may be allowed. Psychoneurotic disorders were not incurred or aggravated during active service. The adjustment reaction is an acute and transient condition, not related to any incident of active service. Alcohol abuse is not a disability for which SC may be allowed.

R. at 174. VA sent the appellant a letter, dated September 1, 1981, notifying him that he had been awarded service connection for

the shell fragment residuals and tinea pedis, and that he had been denied service connection for personality disorder, adjustment reaction, and alcohol abuse. R. at 176. The notification letter failed to include a statement that VA had denied the appellant's claim for generalized anxiety disorder. *Ibid.* There is no record that the appellant appealed the rating decision.

On March 28, 1989, the appellant filed a claim for service connection for PTSD, stating, "[S]ince my return from Vietnam, I have been experiencing severe problems with adjusting to a normal life." R. at 215. Hospital records show that on March 21, 1989, the appellant was admitted to a VA hospital for psychiatric problems. R. at 237–42. The examining psychiatrist related that the appellant showed a lot of "instability and hostility and was tearful when he spoke of Vietnam." R. at 239. The psychiatrist noted: "It was the consensus of Dr. Weaver and the team that the patient does have PTSD. He would best benefit from inpatient treatment." *Ibid.* The final diagnosis included, inter alia, PTSD, a history of ethanol dependence, and mixed personality disorder with antisocial passive-aggressive and narcissistic features. R. at 237.

The RO awarded the appellant service connection for PTSD on October 17, 1989, rated 30% disabling, effective from March 8, 1989. R. at 307–08. On January 18, 1990, VA increased his rating for PTSD to 50%, effective from November 1, 1989. R. at 318–19. The appellant filed a Notice of Disagreement (NOD) in February 1990, arguing that his PTSD condition was greater than 50% disabling. R. at 323. On May 2, 1990, the appellant filed an appeal with the Board, requesting a 100% rating. R. at 332.

On September 18, 1990, the RO awarded the appellant a 100% rating for PTSD, effective from July 16, 1990. R. at 360–61. The appellant submitted a claim in April 1991, requesting an earlier effective date for the 100% evaluation for PTSD. R. at 374. The RO denied that claim on April 15, 1991, stating that the hospital reports of March 1989 and the VA examination of April 1989 failed to show that the appellant was totally incapacitated. R. at 377–78. The appellant filed another NOD in June 1991. R. at 395.

VA afforded the appellant a personal hearing on May 6, 1992. R. at 440–50. During that hearing, the appellant argued that in 1981, VA had misdiagnosed his PTSD as a generalized anxiety disorder. R. at 441. The hearing officer issued a decision on May 12, 1992, finding that a 100% evaluation could not be assigned earlier than July 16, 1990, based upon the evidence. R. at 460–63. The appellant's case was referred back to the rating board. R. at 463.

After reconsideration, the RO issued another rating decision denying an earlier effective date for the 100% PTSD rating. R. at 465–66. In a Supplemental Statement of the Case, issued on May 27, 1992, the RO noted that "an evaluation in excess of 100 percent disabling prior to July 16, 1990, is not in order since the medical evidence does not show the veteran had symptoms prior to that date which would warrant the 100 percent evaluation." R. at 472. The appellant certified an appeal to the BVA on September 16, 1992. R. at 479.

The Board issued a decision on December 2, 1992, remanding the case to the RO to consider whether its denial of service connection for a psychiatric disorder in August 1981 was CUE. R. at 493–96. On remand the RO determined that there was no CUE in the August 1981 rating decision. R. at 510–11. The RO stated that no diagnosis for PTSD was ever made in 1981 and that a CUE claim applied to adjudication errors only and not to alleged medical errors, such as an incorrect diagnosis. R. at 510. VA confirmed and continued the 100% rating from July 16, 1990. The issue was returned to the BVA. R. at 521, 523–24.

On September 13, 1994, the Board issued a decision that the August 1981 RO decision was not based on CUE and that the appellant was not entitled to an earlier effective date for his 100% rating for PTSD. R. at 8–22. The appellant appealed this decision to the Court. On December 19, 1995, the Court issued an order vacating and remanding that part of the decision that denied a 100% rating for PTSD prior to July 16, 1990. The CUE claim remains the sole issue on appeal.

## II. Analysis

The appellant's CUE claim derives from his argument that VA failed to give him notice that his claim for generalized anxiety disorder had been denied. Appellant's Brief (Br.) at 19–21; *see Dinsay v. Brown,* 9 Vet. App. 79, 88 (1996) (if relevant evidence as to a procedural defect in a RO decision was actually or constructively present within the VA system, that evidence could possibly serve as the basis for a CUE claim). Because of this procedural error, the appellant asserts that the August 1981 RO decision is not final and VA should reevaluate his psychiatric condition, taking into account all of the medical evidence available, even those records that suggest that his PTSD was misdiagnosed and mischaracterized by VA as generalized anxiety disorder. Appellant's Br. at 22. The Secretary argues, in response, that the issue of finality in the August 1981 decision was never raised prior to briefing, and therefore, the Court has no jurisdiction to decide the issue. Secretary's Br. at 7–8 (citing 38 U.S.C. §§ 7266(a), 7252(a) and *Horowitz v. Brown,* 5 Vet.App. 217, 225 (1993); *Branham v. Derwinski* 1 Vet.App. 93, 94 (1990)).

For a VA decision to become final, written notification to the appellant is required. *See* 38 U.S.C. § 5104(a); 38 C.F.R. § 3.104(a) (1996). In the August 1981 rating decision, VA expressly listed "generalized anxiety disorder with personality disorder and adjustment reaction" as the psychiatric condition that was specifically denied service connection. R. at 174. In the September 1981 notification letter to the appellant, however, VA listed only the personality disorder and the adjustment reaction as the conditions for which service connection was being denied. R. at 176. The letter contained no reference to generalized anxiety disorder. According to the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 432–36, 623–27, 629–34 (4th ed.1994), there are distinctive medical differences between the three disorders. *See also* the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 232–33, 299–302, 305–30 (3rd. ed.1980). There is no evidence in the record to show that the RO ever acknowledged the error or finally adjudicated the claim. Based upon the requirements of 38 C.F.R. §§ 3.103(e), 3.104(a), the Court finds that VA committed a procedural error by failing to adequately notify the appellant that it was denying him service connection for all of the diagnosed disorders including generalized anxiety disorder. Therefore, the August 1981 decision is not final.

Under 38 U.S.C. §§ 7252(a), 7266(a), this Court has jurisdiction to review only final decisions of the BVA. Because the August 1981 RO decision is not final and has not been reviewed by the BVA, the Court lacks jurisdiction to review the claim and, therefore, must dismiss the appeal. *See Tablazon v. Brown,* 8 Vet.App. 359, 361 (1995) ("where VA has failed to procedurally comply with statutorily mandated requirements, a claim does not become final for purposes of appeal to the Court"). Because the August 1981 RO decision is not final, the appellant cannot raise CUE with respect to that rating decision. *See Smith (William) v. Brown,* 35 F.3d 1516, 1521 (Fed.Cir.1994)(a claim of CUE is a collateral attack on a final RO decision); *Eddy v. Brown,* 9 Vet.App. 52, 57 (1996); *Duran v. Brown,* 7 Vet.App. 216, 224 (1994). Although the BVA erred in addressing the appellant's CUE claim on the merits, that error was harmless. *See Edenfield v. Brown,* 8 Vet.App. 384 (1995) (en banc).

## III. Conclusion

For the reasons stated above, the appellant's appeal as to the generalized anxiety disorder claim is DISMISSED for lack of jurisdiction, there being no final Board decision on that matter.

HOLDAWAY, Judge, concurring:

I concur in the result. In my opinion, however, the notice to the appellant concerning the 1981 RO rating decision was sufficient and therefore that decision was final. The RO decision listed "generalized anxiety disorder *with* personality disorder and adjustment reaction." (Emphasis added.) The notification of denial did not parrot back *in haec verba* the rating decision, but merely listed the two principal consequences of the putative anxiety disorder, i.e., personali-

ty disorder and adjustment reaction. This notice would, to a person of common intelligence and common sense, convey the message that having denied the specific consequences of the alleged general disorder, the general disorder itself was denied. Reinforcing such a conclusion is the fact that the notice of denial did not in any way state or intimate that the anxiety disorder had somehow been decoupled from its constituent parts and was somehow going to be decided in a separate rating. I would find the 1981 RO decision to be final and would affirm the BVA's decision that there was no clear and unmistakable error as to the 1981 RO adjudication.