**Marguerite COSTA, Appellant,**

v.

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–1161.**

United States Court of Veterans Appeals.

Feb. 26, 1998.

Gary Bellow, Cambridge, MA, was on the brief for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Rosalind Eager, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

IVERS, Judge:

The appellant appeals from a May 20, 1996, Board of Veterans' Appeals (BVA or Board) decision which granted an effective date of August 1, 1990, for the apportionment of $400 per month of the veteran's disability compensation on behalf of the veteran's minor children and denied entitlement to an increase in the amount of apportionment of

the veteran's disability compensation. For the reasons stated below, the Court will affirm the BVA's May 20, 1996, decision.

## I. FACTS

The veteran, the appellant's ex-husband, served on active duty from June 1964 to June 1967. Record (R.) at 35. The veteran was granted a VA non-service-connected disability pension effective April 1979. R. at 37–38. In February 1980 the appellant filed an original claim for an apportionment of the veteran's benefits, stating that she did not live with the veteran and had custody of their three minor children. R. at 40. In July 1980 the veteran submitted a statement agreeing to an apportionment in the amount of $300 per month. R. at 56. That same month, an apportionment of $300 per month was granted. R. at 58, 60, 62, 64–65, 67.

In September 1983 the veteran was granted service connection for post-traumatic stress disorder, rated 100% disabling. R. at 86–87. The appellant requested an increase in the amount of apportionment and the veteran, in turn, requested that his children's apportionment be increased to $500 per month. R. at 89, 96–100. On October 11, 1983, the regional office (RO) issued a Special Apportionment Decision increasing the amount of apportionment to $500 per month. R. at 104. The RO stated,

As the veteran's VA benefits have been substantially increased, he has requested the apportionment be increased to $500.00 per month. As the original decision was made over 3 years ago, an increase would be consistent with the general rise in the cost of living.

*Id.* The veteran and the appellant were notified of the decision by separate letters in November 1983. R. at 112–15. Both letters set forth the projected future reductions in the apportionment amount based upon the dates that each of their children would attain the age of 18. The letter to the appellant stated,

This rate will be reduced to $400.00 on February 28, 1985, $300.00 on July 30, 1994, and $200.00 on March 14, 1997 as these are the dates your children will attain age 18. The increased rate may be

payable if your children continue in school from age 18. . . . At the present time, you are receiving an amount of the apportionment as the spouse of the veteran. These payments may be effected by the change in dependency status of the veteran, change in his disability status, commission of fraud by the person receiving payment or with his or her knowledge, or failure to furnish evidence requested by [VA]. . . . In addition, your letter . . . indicated that you and the veteran are in the process of divorce. If this is the case, it will be necessary for you to furnish a copy of your final divorce decree as payments currently are being made to you as spouse of the veteran and he is receiving additional benefits based on your dependency. Adjustment to his award will be necessary if you are no longer his spouse.

R. at 112. In response, the appellant filed a Declaration of Marital Status revealing that her divorce from the veteran had become final on March 17, 1983. R. at 106. She also furnished a copy of the final judgment of divorce from the State Probate Court confirming the same and ordering the veteran to pay $300 monthly for support of the minor children. R. at 108–09.

In a November 16, 1983, Special Apportionment Decision, the RO redetermined the apportionment amount for the three minor children to be $300, effective March 1, 1983, based upon the appellant and veteran's divorce, and increased the amount to $500 from October 1, 1983, based upon the veteran's earlier request. R. at 117. The veteran and the appellant were notified separately of the decision in December 1983. R. at 119–21.

On February 28, 1985, VA reduced the apportionment award to $350 per month. R. at 140. In August 1985 the appellant filed a claim for an increase in the amount of apportionment. R. at 154–56. In September 1985 the appellant's request was denied and she was notified of the decision. R. at 159, 161. This decision was not appealed. In August 1986, the apportionment amount was increased to $500, effective July 1, 1985, based upon notice of the daughter's enrollment in school. R. at 163–69, 177–78. The increase was to be effective until July 1, 1987, the

projected date for the daughter's completion of school. R. at 172.

In August 1986 the appellant requested an increase in the amount of apportionment. R. at 180–92. The appellant's request for an increase in apportionment was denied in a December 1986 Special Apportionment Decision. R. at 202. The award was reduced to $350 per month upon the daughter's graduation from school. In October 1987 the appellant submitted a Notice of Disagreement (NOD) contending that the decrease should have been to $400. R. at 210, 214–15. No Statement of the Case (SOC) was issued.

In January 1988 the RO requested that the appellant and the veteran provide information concerning monthly income and expenses. R. at 218, 236, 238–39, 258–59. In a March 1989 Special Apportionment Decision it was determined that an increase in the $350 monthly apportionment would create "an undue hardship" on the veteran. R. at 267. The appellant and veteran were notified separately of this decision. R. at 269–73. The appellant did not appeal this decision.

The appellant filed claims for an increase in the amount of the apportionment in July 1990 (R. at 275–80), June 1991 (R. at 293–98), September 1991 (R. at 300–02), November 1991 (R. at 310–16), and December 1991 (R. at 304–06). A March 1992 Special Apportionment Decision increased the apportionment for the veteran's minor children to $400 per month, effective October 1, 1991, and determined that it would not create a hardship on the veteran to apportion approximately 20% of his present compensation award of $1451 per month. R. at 318. Both parties were notified of the decision in March 1992. R. at 320–24. The appellant filed an NOD, disagreeing with the amount of the apportionment and contending that an increase should be retroactive to October 1987 based upon her previous request for an increase. R. at 328–29. An SOC was issued and the appellant submitted a substantive appeal. R. at 371–74, 388.

On July 26, 1993, the appellant testified that, in addition to the $400 monthly apportionment, she received $200 in alimony and $300 in child support each month. R. at 442.

Her expenses were noted to exceed her income of $1,300 monthly. R. at 440–42.

On May 20, 1996, the BVA rendered the decision currently on appeal. The BVA determined that an effective date of August 1, 1990, for the apportionment of $400.00 per month of the veteran's disability compensation on behalf of the veteran's minor children was warranted. The BVA also concluded that entitlement to an increase in the amount of apportionment of the veteran's disability compensation of $400.00 per month was not warranted. R. at 14.

## II. ANALYSIS

### A. Effective Date

 The determination of an effective date is a finding of fact which the Court reviews under the "clearly erroneous" standard. 38 U.S.C. § 7261(a)(4); *Stewart v. Brown,* 10 Vet.App. 15, 17 (1997). If there is a plausible basis in the record for the BVA's factual determinations, even if this Court might not have reached the same factual determinations, the Court cannot overturn them. *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990).

 The appellant's January 1988 submission of information regarding her monthly income and expenses was treated as a new claim for an increase. Thereafter, the RO denied the appellant's claim for an increase in the $350 apportionment and determined that any increase in the monthly rate would create an undue hardship on the veteran. R. at 267. The appellant did not file an NOD and the decision became final. The appellant again filed for an increased apportionment on July 24, 1990. Under 38 C.F.R. § 3.400(e)(1) (1997), on other than original claims, apportionment will be effective the first day of the month following the date in which the claim was received. Based upon the evidence of record, the BVA correctly determined that the earliest effective date authorized for the increase was August 1, 1990, due to the receipt of the appellant's claim in July 1990.

### B. Apportionment Amount

 If a veteran is not living with his spouse, or if his children are not in his

custody, all or any part of the veteran's compensation, pension, or retirement pay may be apportioned as prescribed by the Secretary. 38 U.S.C. § 5307(a)(2). Ordinarily, the standard of review that the Court applies to a discretionary determination made by the Secretary is whether such a· determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Stringham v. Brown*, 8 Vet.App. 445, 448 (1995). However, as the Secretary notes, by the promulgation of 38 C.F.R. § 3.451 (1997), the Secretary has limited his discretion under 38 U.S.C. § 5307 by making the question concerning the appropriate amount of an apportionment a question of fact subject to the "clearly erroneous" standard of review. *Id.* at 449. Pursuant to section 3.451, apportionment of more than 50% of the veteran's benefits would constitute undue hardship on the veteran while apportionment of less than 20% of the veteran's benefits would not provide a reasonable amount for an apportionee.

■ The veteran indicated that he receives approximately $1835 monthly. R. at 264. He stated that he received $678 for Social Security benefits and $1,225 from VA. He noted that "[a]pportionment of Social Security" was $354 and apportionment from VA was $350 for the minor children. R. at 264–65. The veteran did not include the amount of child support he was to pay, but the appellant indicated in her July 1993 testimony that she received $300 monthly in child support and $200 monthly for alimony. The veteran is providing support for his children from other sources and his expenses approximate his income. Therefore, there is a plausible basis in the record for the BVA's determination that the evidence of record does not support the need for an increased amount of apportionment or that an increased amount of apportionment would not result in undue financial hardship to the veteran. *Gilbert, supra.*

### C. Improper Reduction

■ The BVA noted that, in an October 1983 Special Apportionment Decision, the appellant's apportionment was increased from $300 to $500 and that both the appellant and the veteran were advised that the rate would be reduced to $400 in February 1985 when the oldest child turned 18. A November 1983 letter to the veteran advised that the appellant was no longer entitled to an apportionment of benefits due to her divorce from the veteran and notified him that a reduction to $350 per month would occur in February 1985. R. at 119. The letter sent to the appellant stated that she was not entitled to an apportionment of the veteran's benefits due to her divorce from the veteran, but did not indicate what the new amount would be for her children. R. at 121. The record shows that, on July 1, 1987, the $350 apportionment was reinstated, based upon the daughter's completion of school. R. at 175. In October 1987 the appellant asserted that the apportionment should have been reduced to $400 instead of $350. R. at 210. The RO failed to furnish an SOC after the appellant noted her disagreement with the reduction. VA has never answered specifically the question that the appellant raised, i.e., why did VA reduce the apportionment amount to $350 instead of $400 monthly? Therefore, the issue regarding the amount of apportionment in 1987 is not final and remains pending at the RO. *See Best v. Brown*, 10 Vet.App. 322 (1997); *Tablazon v. Brown*, 8 Vet.App. 359 (1995) (rating decision not final where VA failed to furnish SOC).

### III. CONCLUSION

For the reasons stated above, the BVA's May 20, 1996, decision is AFFIRMED.