# United States Court of Appeals for the Federal Circuit

2007-7217

AG,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Brian P. Anderson, Kirkpatrick & Lockhart Preston Gates Ellis LLP, of Pittsburgh, Pennsylvania, argued for claimaint-appellant. Of counsel was Harry W. Turner.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2007-7217

AG,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in
04-0703, Judge Alan Lance, Sr.

_____

DECIDED:  August 15, 2008

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and POGUE,[*] <u>Judge</u>.

POGUE, <u>Judge</u>.

This case raises the issue of whether, in the absence of a notice of a veteran's right to appeal, the Department of Veterans Affairs' ("VA's") 1985 dismissal of that veteran's claim is final.  Appellant AG, the veteran, challenges the 1985 dismissal of his claim.  Because the governing rule of law established by the Court of Appeals for Veterans Claims ("Veterans Court") requires that failure to notify a veteran of his right of appeal renders the Secretary of Veterans Affairs' decision non-final, <u>see</u> <u>Best v. Brown</u>, 10 Vet. App. 322, 325 (1997), we vacate and remand.

_____

[*]    Honorable Donald Pogue, Judge, United States Court of International Trade, sitting by designation.

I.

As noted above, this case involves our review of the Veterans Court's application of a rule of law. See 38 U.S.C. § 7292(a)(2000). The statute that articulates AG's right of review, however, also precludes our review of factual determinations and the application of law to the facts of a particular case, except in constitutional cases. 38 U.S.C. § 7292(d)(2). Nonetheless, in order to assess AG's contentions, it is necessary to summarize the facts and background of the case before us.

The facts related to AG's disability claim proceed from his active military service from February 1966 to November 1969. More than a decade after that service, in December 1982, AG filed a claim for service connection for a "nervous condition." The Regional Office ("RO") of the VA to which AG submitted his claim denied AG benefits on April 11, 1983. In denying AG's claim, the RO stated that "there is insufficient evidence to show that the veteran is suffering from post traumatic stress neurosis," and stated that if AG wanted to reopen his claim, "he should contact the nearest VA facility when he is willing to continue with his social service exam." VA records, however, indicate that during 1982, AG sought and received treatment through the Vietnam Veterans Outreach Program ("VVOP"), a program run by the VA in Pittsburgh, Pennsylvania. These sessions were conducted by a VA-trained counselor, Dave McPeak, who created a record of AG's treatment. The VVOP records were not considered by the RO in its 1983 denial of AG's claim for benefits.

AG alleges that he sent a letter, or notice of disagreement ("NOD"),[1] regarding the RO's denial of his claim, in February 1984, within the one year statute of limitations for filing a NOD. But AG's 1984 letter does not appear in the VA's files. In June 1985, however, AG sent another letter inquiring about his February 1984 letter.[2] The RO determined that AG had not filed a NOD in 1984, and considered the June 1985 letter to be a NOD to the April 1983 decision. The RO then dismissed the 1985 NOD as untimely. The VA, however, has no record of notifying AG of his right to appeal the finding that his NOD was not timely filed.

AG re-opened his claim for benefits on July 19, 1993. In March 1996 he was awarded disability benefits at a 30% rating for his service-related PTSD, effective as of the 1993 filing date. AG's subsequent request for the earlier effective date of 1983 was denied by the RO in October 1998.

AG appealed this 1998 determination to the Board of Veterans Appeals ("BVA"), and, in November 2000, submitted records from his treatment at the VVOP. His appeal alleged "clear and unmistakable error" ("CUE")[3] in the April 1983 RO decision, for failure to consider the VVOP records. In April 2001, after a remand from the BVA, the RO determined there was no CUE. The BVA also concluded that there was no CUE because the VVOP records were not part of the record at the time of the RO decision,

---

[1]  See 38 U.S.C. § 7105(a) ("Appellate review will be initiated by a notice of disagreement . . . .").

[2]  Although AG contends that he sent a NOD in 1984 through his local Purple Heart organization, his legal argument here is that even had he not timely filed a NOD in 1984, the appeal period for the 1983 denial should be tolled as a result of his post traumatic stress disorder ("PTSD").

[3]  See 38 U.S.C. § 5109A(a) ("A decision by the Secretary under this chapter is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised.").

and the applicable law at the time did not charge the RO with constructive knowledge of those records.

On appeal from the BVA, the Veterans Court affirmed, and further found that even had the VVOP records been considered constructively before the RO, AG failed to demonstrate that consideration of the records would have been outcome-determinative, because the records do not contain medical diagnoses and were not signed by a medical professional. AG v. Nicholson, Case No. 04-0703 (Vet. App. Sep. 13, 2006). The Veterans Court noted that the burden was on AG to "show how the outcome would have been manifestly different if the alleged error had not occurred." Id. at 3 (citations omitted). The Veterans Court also affirmed the BVA's denial of the earlier effective date. In denying AG an earlier effective date, the Veterans Court held that the 1983 denial had become final when AG failed to appeal the 1985 determination that he had not timely filed a NOD. Id. at 2. The Veterans Court explained that "[h]aving failed to appeal the 1985 determination that his NOD was untimely, that determination must now be attacked collaterally," id. (citing DiCarlo v. Nicholson, 20 Vet. App. 52, 57-58 (2006)), i.e., through the establishment of CUE.

On appeal to this court, AG argues (1) that the Veterans Court erred by failing to address his claim for equitable tolling of the RO's 1985 determination, and that this court should find that tolling applies to the time limit for bringing NODs under 38 U.S.C. § 7105 and (2) that the RO's April 1983 denial of benefits constituted CUE as a result of the VA's failure to obtain and consider treatment records from a VA facility in which AG was undergoing treatment.

We heard oral argument on April 9, 2008.

2007-7217                                                4

## II.

Under the statute providing for this court's review of an appeal from a decision by the Veterans Court, we decide all relevant questions of law, see 38 U.S.C. § 7292(d)(1); we review the Veterans Court's legal determinations de novo, Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). We may "affirm or, if the decision of the [Veterans Court] is not in accordance with law, [] modify or reverse the decision of the [Veterans Court] or [] remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1).

## III.

We remand here because the RO's June 1985 decision—that AG did not timely appeal the 1983 denial of his claim—never became final. This is because of the VA's failure to notify AG of his right to appeal. As a result, the 1983 proceedings are ongoing because they have not been concluded. Accordingly, the first issue that AG raises on appeal—the claim of error in the Veterans Court's failure to address his claim for equitable tolling in the 1985 dismissal of his claim—is not ripe, and this court need not decide the equitable tolling issue. The second issue AG raises here—that the VA's denial of benefits is the result of CUE—is also not ripe. If AG succeeds in appealing the 1985 determination or otherwise convinces the VA that 38 C.F.R. § 3.109(b)[4] applies to

---

[4]    38 C.F.R. § 3.109(b) provides in relevant part:

Extension of time limit. Time limits within which claimants or beneficiaries are required to act to perfect a claim or challenge an adverse VA decision may be extended for good cause shown. Where an extension is requested after expiration of a time limit, the action required of the claimant or beneficiary must be taken concurrent with or prior to the filing of a request for extension of the time limit, and good cause must be shown as to why the required action could not have been taken during the original time

(continued. . . )

his situation, his challenge to the denial of his benefits will be made, in the first instance, to the agency upon remand.

To explain this conclusion, we will first examine the parties' arguments regarding the lengthy administrative process that led to the instant appeal.

AG argues that his condition prevented him from timely filing a NOD to the April 1983 denial of benefits, and contends that application of the doctrine of equitable tolling would result in a decision that the 1983 determination never became final. AG finds support for this argument in Barrett v. Principi, in which we held that mental illness can excuse the failure to timely file a notice of appeal from a BVA decision. Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004). AG argues that the reasoning of that case applies equally to failures to timely file a NOD under 38 U.S.C. § 7105(b). Appellant's Br. 17-18. Tolling the time limit for appeal would relieve AG of proving that the RO's failure to locate and review the records of his treatment was outcome-determinative.[5] Rather, further proceedings would be a continuation of the 1983 proceedings, in which evidence, such as the VA records, would be considered.

_____

period and could not have been taken sooner than it was. Denials of time limit extensions are separately appealable issues.

This section was promulgated in 1990; however, the government stated during oral argument that the provision applies to claims that predate the promulgation of the regulation. The government also admitted that at no time during these lengthy proceedings did the VA inform AG of the provision.

[5] This is because AG's NOD presents a direct challenge to the 1983 denial of benefits. Therefore, if the time limit for appeal of the 1983 decision were to be tolled, AG would not have to make a collateral attack on his denial of benefits, and thus prove CUE, in order to prevail in his claim, but instead could challenge directly the denial of benefits.

2007-7217                                                    6

As noted above, however, it is not necessary to decide AG's equitable tolling issue. Although the Veterans Court found that "even if [the VVOP] records were constructively before the RO in 1983, they would not have changed the outcome of the case," AG v. Nicholson, Case No. 04-0703 at 3, its review of the records was exclusively conducted under the CUE standard. But if the 1985 decision was not final, as we hold here, and AG succeeds in overturning that decision on remand, he can proceed with a direct challenge to the 1983 decision on the merits. In that event, the VVOP records would not be required to meet the stringent CUE standard but would instead be evaluated as part of a direct appeal.

In response to AG's claim, the government argues that it would be inappropriate to extend the holding of Barrett v. Principi to allow equitable tolling for the filing deadline of a NOD, because there is already a regulation that addresses time extensions for filing NODs. Respondent's Br. 16; see 38 C.F.R. § 3.109(b) (1990). Procedurally, however, the government's main argument is that "AG in actuality challenges the June 1985 RO decision regarding the finality of the April 1983 RO decision," Respondent's Br. 10-11, and that AG can only challenge the 1985 decision through a CUE claim as a result of that decision's finality. The government further states that "AG had an opportunity to directly appeal the June 1985 determination and argue the applicability of the equitable tolling doctrine . . . but he did not do so and that decision also became final." Id. at 11. Thus, according to the government, a challenge to the 1983 determination would instead have to be brought as a CUE claim. See Cook v. Principi, 318 F.3d 1334, 1337 (Fed. Cir. 2002) (en banc) (holding that pursuant to 38 U.S.C. § 5109A, a final RO decision may be revised upon a showing of CUE). The government is right that AG did

not appeal the 1985 determination, however, as we have explained, that 1985 determination did not become final.

The 1985 determination never became final as a result of the failure to notify AG of his right to appeal the denial of his NOD.[6]  The letter sent to AG merely stated that there was no record of a previous NOD and that the appeal period for the 1983 decision had expired; it also provided instructions for AG to reopen his claim.  The statute, however, states that the VA must provide to a claimant notice of any decision affecting the provision of benefits to a claimant, and that "[t]he notice shall include an explanation of the procedure for obtaining review of the decision."  38 U.S.C. § 5104(a).  The right to notice was also promulgated in the VA's governing regulations.  38 C.F.R. § 3.103(b).[7]  According to the rule set out by the Veterans Court, the consequence of a failure to notify in accordance with the regulation renders the RO's determination non-final.  Best v. Brown, 10 Vet. App. at 325 (failure to notify claimant that he was denied service connection for a particular condition constituted a procedural error under 38 C.F.R. §§ 3.103(e) and 3.104(a), rendered the RO's decision not final, and deprived the Veterans Court of jurisdiction over the claim); see also Juarez v. Peake, 21 Vet. App. 537, 543

---

[6]    We commend the government on its candor in bringing the failure of notice of appeal to the court's attention in its briefing and argument.

[7]    That provision provides:

(1) General.  Claimants and their representatives are entitled to notice of any decision made by VA affecting the payment of benefits or the granting of relief. Such notice shall clearly set forth the decision made, any applicable effective date, the reason(s) for the decision, the right to a hearing on any issue involved in the claim, the right of representation and the right, as well as the necessary procedures and time limits, to initiate an appeal of the decision.

(2008) (finding that RO decision was final where it "provided notice that compensation . . . was being denied and gave [appellant] the opportunity to appeal and present any and all arguments of error, including the argument that its determination on the finality of [an earlier] RO decision was flawed").  Consequently, as a result of the VA's failure to notify AG of his right to appeal, the Veterans Court erred in holding that "[t]he appellant should have appealed [the 1985] timeliness determination. . . .  Having failed to appeal [it] . . ., that determination must now be attacked collaterally."  AG v. Nicholson, Case No. 04-0703 at 2.[8]

Because the 1985 determination did not become final, AG will have the opportunity, on remand, to challenge the 1985 determination that he did not file a NOD in 1984, to show good cause for why he could not file in 1984, and to demonstrate that his 1985 NOD should be considered timely, pursuant to 38 C.F.R. § 3.109(b).  Although that latter provision was not in existence during the initial proceedings, the government has indicated that it has retroactive effect, and therefore it would be the appropriate mechanism for AG in the present case.

IV.

For these reasons, the Veterans Court's order affirming the BVA's decision is

VACATED and REMANDED.

---

[8]    Thus, the instant case does not implicate Cook v. Principi, which discussed the two exceptions to the rule that final determinations cannot be challenged. Cook v. Principi, 318 F.3d at 1337 (Congress created exceptions to the finality of VA decisions in only two circumstances: where there is new and material evidence presented, and where there has been clear and unmistakable error).  Here, the challenged decision never became final, and thus AG need not prove that his claim fit one of the statutory exceptions noted in Cook.