# United States Court of Appeals for the Federal Circuit

---

**LELAND A. HARGROVE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7043

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-2657, Judge Mary J. Schoelen.

---

Decided: January 6, 2011

---

LELAND A. HARGROVE, of Silver Spring, Florida, pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Coun-

sel, and AMANDA R. BLACKMON, Attorney, United States Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, NEWMAN, AND MOORE, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* MOORE.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

MOORE, *Circuit Judge*.

Mr. Leland Hargrove appeals the denial of his petition for a writ of mandamus by the Veterans Court. *Hargrove v. Shinseki*, No. 09-2657, slip op. (C.A.V.C. Oct. 27, 2009). No other issue is properly before us. Because Mr. Hargrove had not exhausted his administrative remedies before filing his petition—indeed, he still had time to appeal through the administrative process when the court issued its denial— the Veterans Court did not abuse its discretion in denying mandamus. Accordingly, we affirm the Veterans Court's decision.

On September 30, 2008, the Regional Office (RO) sent Mr. Hargrove a letter *proposing* a reduction in Mr. Hargrove's disability rating. The proposed reduction invited Mr. Hargrove to "submit medical or other evidence to show that we should not make this change" within 60 days of receiving the letter. Between October 23, 2008 and December 1, 2008, Mr. Hargrove sent three letters to the RO requesting a copy of the examination report, disagreeing with the proposed reduction, and providing additional medical information. The RO provided Mr. Hargrove a copy of the examination report and considered the additional information in making its final decision. It did not treat his

correspondence as a Notice of Disagreement (NOD) because it was received before the RO issued its final decision.

By letter dated February 25, 2009, the RO issued its final decision reducing Mr. Hargrove's disability rating from 60 percent to 20 percent. Mr. Hargrove subsequently filed his petition for writ of mandamus with the Veterans Court asserting that the VA failed to recognize his correspondence sent on November 29, 2008 as a NOD, issue him a Statement of the Case (SOC), and assist him in developing evidence to support his claim.

In its order issued on October 27, 2009, the Veterans Court reviewed the three conditions that must be satisfied before a writ of a mandamus may issue: (1) the petitioner must lack an adequate alternative means to attain relief; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that the issuance of the writ is warranted. *Hargrove*, slip op. at 2 (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004)). The Veterans Court denied Mr. Hargrove's mandamus petition finding that Mr. Hargrove was not without adequate remedy because the traditional appeal and administrative processes had been and were still available. *Id.* at 3-4. According to the Veterans Court, "the petitioner has not demonstrated that he has exhausted his administrative remedies." *Id.* at 9.

The Veterans Court explained that Mr. Hargrove could still appeal the February 2009 final decision by filing a NOD by February 25, 2010. "If the petitioner is dissatisfied with the February 2009 RO decision, the petitioner may avail himself of VA's appellate process by filing an NOD as to that decision." *Id.* The Veterans Court further explained that Mr. Hargrove could argue to the Board that the VA failed to properly assist him in obtaining the medical evidence neces-

sary to support his claims. *Id.* Finally, the court explained that Mr. Hargrove could also appeal the VA's decision that his correspondence was not a NOD because it was premature. *Id.*

The Veterans Court correctly denied Mr. Hargrove's petition. A writ of mandamus is an "extraordinary remedy." *Mukand Int'l, Ltd. v. United States*, 502 F.3d 1366, 1369 (Fed. Cir. 2007); *Cheney*, 542 U.S. at 381 (referring to the writ as "one of 'the most potent weapons in the judicial arsenal'"). The only issue before the Veterans Court was whether to grant petitioner a writ of mandamus. In light of the fact that Mr. Hargrove had an adequate alternative means to attain the relief he requested, the Veterans Court properly denied the writ of mandamus. The Supreme Court explained in *Cheney*, "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires -- a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380-81 (internal quotation marks omitted); *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2006). The Veterans Court's October 27, 2009 decision explained to Mr. Hargrove that he had until February 25, 2010 to file a NOD to the VA and have administrative review of all of the issues he raised. The Veterans Court did not decide whether the VA was correct when it failed to treat Mr. Hargrove's three letters sent prior to the final rating reduction as NODs because Mr. Hargrove could still appeal that issue (along with all his others) through the administrative process. We likewise express no opinion on whether the VA should have treated those letters as NODs because that issue is not before us.[1] The only issue on

---

[1] We likewise express no opinion on whether the failure to treat Mr. Hargrove's correspondence as NODs is now

appeal to this court is whether the Veterans Court properly denied a petition for writ of mandamus when Mr. Hargrove could still avail himself of his administrative appeal rights. We conclude the Veterans Court properly denied the writ of mandamus.

For the forgoing reasons, we affirm the Veterans Court's denial of a writ of mandamus.

**AFFIRMED**

Costs

No costs.

---

final or remains open and appealable. *See AG v. Peake*, 536 F.3d 1306, 1310-11 (Fed. Cir. 2008).

# United States Court of Appeals for the Federal Circuit

---

**LELAND A. HARGROVE,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7043

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-2657, Judge Mary J. Schoelen.

---

NEWMAN, *Circuit Judge*, dissenting.

Mr. Hargrove received a letter from the Regional Office dated September 30, 2008, concerning the proposed reduction in his disability rating, enclosing a twelve-page document entitled "Rating Decision" dated September 23, 2008. The Rating Decision listed fifteen points of decision and explanations of each, and designated three conditions subject to compensation and twenty-four conditions not subject to compensation. The accompanying letter contained a paragraph headed "How We Made Our Decision," which states:

> We have carefully considered all of the evidence we received. We have attached a copy of the Rat-

    ing Decision. It shows the evidence we used and the reasons for our decision.

The letter also stated that Mr. Hargrove could submit additional evidence and request a personal hearing. On October 23, 2008 Mr. Hargrove filed a Notice of Disagreement, in accordance with the procedures for appealing a Regional Office decision to the Board of Veterans Appeals ("BVA"). He requested a copy of his examination report, which the Regional Office provided. However, the Regional Office did not forward the record to the BVA or provide a Statement of the Case, as required when a Notice of Disagreement is filed:

    38 U.S.C. § 7105 (d)(1): Where the claimant, or the claimant's representative, within the time specified in this chapter, files a notice of disagreement with the decision of the agency of original jurisdiction, such agency will take such development or review action as it deems proper under the provisions of regulations not inconsistent with this title. If such action does not resolve the disagreement either by granting the benefit sought or through withdrawal of the notice of disagreement, such agency shall prepare a statement of the case.

On November 29, 2008, Mr. Hargrove filed a second Notice of Disagreement, and on December 1, 2008 he sent a third Notice of Disagreement, with "additional argument regarding his knees and other issues under consideration." The Regional Office did not respond to any of these three Notices of Disagreement, did not describe any purported flaws in these documents, but also did not transmit the record to the BVA or provide a Statement of the Case. Nor did the Regional Office inform Mr. Hargrove of its action or inaction.

On February 25, 2009, the Regional Office sent Mr. Hargrove a document stating that the reduction in his benefits had been implemented, and that "We have enclosed a copy of our Rating Decision for your review." This document referred to the "Rating Decision, dated September 23, 2008," and repeated the evaluations of the evidence of his various conditions. The February 25, 2009 letter referred to Mr. Hargrove's "statement dated November 30, 2008," and stated that he "quoted various Department of Veterans Affairs regulations," and "also noting that you were not properly assessed." However, the February 25, 2009 letter made no mention of any of the three Notices of Disagreement. The Regional Office did not forward the record to the Board, and did not provide a Statement of the Case.

Mr. Hargrove sought the assistance of the Court of Appeals for Veterans Claims, complaining that the Regional Office had not provided a Statement of the Case and had not forwarded his file to the BVA. In the Veterans Court the VA stated that the reason the Regional Office did not respond to any of the three Notices of Disagreement was because the decision was not final. However, Mr. Hargrove was not so advised at any time in his exchanges with the Regional Office.

A similar lapse of notice was the subject of *AG v. Peake*, 536 F.3d 1306 (Fed. Cir. 2008), where the veteran had submitted a Notice of Disagreement to the Regional Office, received no response, and then sent a second letter to inquire as to the status of the Notice of Disagreement; the Regional Office was unable to find the first letter, but held that appeal was no longer available because the second letter was untimely. This court held that the failure to notify tolled the finality of the Regional Office decision, so that the appeal was not untimely:

The 1985 determination never became final as a result of the failure to notify AG of his right to appeal the denial of his NOD. The letter sent to AG merely stated that there was no record of a previous NOD and that the appeal period for the 1983 decision had expired; it also provided instructions for AG to reopen his claim. The statute, however, states that the VA must provide to a claimant notice of any decision affecting the provision of benefits to a claimant, and that "[t]he notice shall include an explanation of the procedure for obtaining review of the decision." 38 U.S.C. § 5104(a).

536 F.3d at 1310. The court cited *Best v. Brown*, 10 Vet. App. 322, 325 (1997), where the Veterans Court held that failure to notify the claimant of a Regional Office decision constituted a procedural error under 38 C.F.R. §§ 3.103(e) and 3.104(a).

Although the Regional Office decision was not totally free of ambiguity, this silence, when there was an obligation to respond, is contrary to the veterans' laws, contrary to precedent, and contrary to the policy entrusted to the VA and its tribunals. The failure to notify Mr. Hargrove, if the Regional Office was of the view that his three Notices of Disagreement were premature, constituted procedural error. Statute and precedent require "notice of any decision affecting the provision of benefits to a claimant." *AG v. Peake*, 536 F. 3d at 1310; *see also* 38 U.S.C. 5104 (a). Such notice was not given to Mr. Hargrove, and no explanation whatsoever was provided until an explanation was suggested–without documentation–by the Secretary's counsel in this litigation. Nonetheless, my colleagues now simply dismiss the veteran's petition, declining to consider whether procedural law or policy was violated and declining to enable further proceedings.

The court thus ratifies the VA inaction whereby the three Notices of Disagreement were ignored by the Regional Office, with no notice to the veteran, and now with no path to remedy the VA's inaction. This departure from the requirements of precedent and statute is an affront to "the principles underlying this uniquely pro-claimant system," *Golz v. Shinseki*, 590 F.3d 1317, 1323 (Fed. Cir. 2010). I respectfully dissent.