NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERBIE D. VEST,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1869

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-792, Judge Coral Wong Pietsch.

---

Decided:  March 8, 2024

---

AMANDA SUNDAY, GloverLuck, LLP, Dallas, TX, argued for claimant-appellant.  Also represented by ADAM R. LUCK.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, CLEVENGER, and CHEN, *Circuit Judges.*

CLEVENGER, *Circuit Judge*

Herbie D. Vest ("Vest") appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which dismissed Vest's appeal for lack of jurisdiction.

## I. BACKGROUND

Vest served on active duty in the United States Army from October 6, 1966, to May 24, 1971. J.A. 11. In May 1971, Vest filed a claim for service connection for hearing loss and "ringing in the ears." J.A. 12. In a September 15, 1971, rating decision, the Veterans Administration Regional Office ("RO") granted service connection for bilateral hearing loss and tinnitus, each rated at 0%. J.A. 14–15. Subsequently, in a December 17, 1971, decision, the RO denied a request for an increased rating for bilateral hearing loss. J.A. 16.

Vest sent a letter which was received by the RO on March 10, 1972, ("March 1972 Letter") which said that "[i]n your letter, dated December 17, 1971 you stated that my bilateral hearing loss continues to 0% . . . . I believe that there may be an error." J.A. 17. His letter also said that he had "constant ringing in [his] ears." J.A. 17.

On January 28, 2016, Vest filed a separate claim for compensation for Meniere's disease and "ears-ringing." J.A. 23, 25. In a July 14, 2016, rating decision, the RO granted service connection for Vest's "[M]eniere[']s disease with bilateral hearing loss, tinnitus, and vertigo (claimed as ears ringing and dizziness)," with a 60% disability rating effective December 10, 2015. J.A. 36–37, 109. Vest disputed this rating, and on November 23, 2018, the RO continued the rating at 60% for Meniere's disease. J.A. 53–54.

On April 8, 2019, Vest sent a letter to the Department of Veterans Affairs ("VA") which argued that his March 1972 Letter was "disagreeing with the December 17, 1971 Decision and expressing his belief that it contained an error." J.A. 61. Therefore, Vest argued that the March 1972 Letter "to the VA was a NOD under the applicable regulations at the time, as it was a written communication expressing dissatisfaction and disagreement with the VA's noncompensable evaluation for his tinnitus." J.A. 61. Vest further argued that "[b]ecause [the] VA did not address Mr. Vest's NOD, it remains pending." J.A. 61. On February 4, 2020, the RO responded that Vest's letter "was not accepted as a Notice of Disagreement since you did not state that you were disagreeing with our decision." J.A. 63.

In response, on June 4, 2020, Vest filed an NOD with a VA Form 10182 ("2020 NOD") limited to "[w]hether the Veteran's March 10, 1972 letter constituted a NOD and whether the NOD remains pending." J.A. 65.

On appeal, the Board of Veterans' Appeals ("Board") found that the March 1972 Letter "expressed dissatisfaction only with a December 1971 administrative decision, which denied an increased rating for a hearing loss disability but did not adjudicate entitlement to an increased rating for tinnitus." J.A. 66. The Board further explained that "although the Veteran discussed tinnitus in his letter and it was received within one year of the September 1971 rating decision, there was no expressed disagreement or dissatisfaction of a decision by the [RO] regarding tinnitus, and the NOD is limited to entitlement to an increased rating for a hearing loss disability." J.A. 69.

Vest's appeal of the Board's October 13, 2020, decision did not challenge the Board's decision that he never had filed an NOD with his May 1971 tinnitus claim. Instead, Vest limited his appeal to whether his tinnitus claim was still pending because he did not receive a notice of appeal

rights with respect to the September 1971 rating decision. J.A. 79–81, 101–105.

The Veterans Court dismissed the appeal, holding that it did not have "jurisdiction to address th[e] question of defective notice." *Vest v. McDonough*, No. 21-0792, 2022 WL 538201, at \*4 (Vet. App. Feb. 23, 2022). The Veterans Court noted that Vest did not argue that "he had submitted an NOD with the September 1971 rating decision concerning tinnitus, and he does not challenge the Board's determinations that the March 1972 NOD related only to the December 1971 decision denying an increased rating for hearing loss and that the March 1972 filing was not an NOD with the September 1971 rating decision concerning tinnitus." *Id.* Therefore, the Veterans Court held that Vest "abandoned the issue [of] whether the March 1972 filing was an NOD with a VA initial decision concerning tinnitus." *Id.*

The Veterans Court entered judgment on March 17, 2022. Vest timely appealed the Veterans Court's decision to this court, and we have jurisdiction under 38 U.S.C. § 7292(a).

## II. DISCUSSION

This court has jurisdiction to review "the decision [of the Veterans Court] with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Whether the Veterans Court has jurisdiction is a matter of statutory interpretation that this court reviews de novo. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002) ("We review legal issues, including whether the Veterans Court properly declined to assert jurisdiction . . . without deference.").

With respect to RO decisions subject to review by the Board, "[a]ppellate review shall be initiated by the filing of a[n NOD]." 38 U.S.C. § 7105(a); *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) ("An NOD is required to initiate the appellate review process . . . ."). "[NODs] shall be in writing, [and] shall identify the specific determination with which the claimant disagrees . . . ." 38 U.S.C. § 7105(b)(2)(A).

An NOD is the instrument that declares a veteran's intention to seek appellate review of a decision and initiates the Board's jurisdiction over a veteran's claim. *See Hamilton v. Brown*, 39 F.3d 1574, 1575 (Fed. Cir. 1994) ("The [VA] . . . long utilized a document called the [NOD] as the vehicle by which a veteran, aggrieved by the initial determination of a [VA] office, would announce the intention to administratively appeal that initial determination."); *Cox v. West*, 149 F.3d 1360, 1365 (Fed. Cir. 1998) ("[T]here [was] no jurisdiction-conferring NOD . . . that would have supplied the Board with jurisdiction over [the] claim"); *Buckley v. West*, 12 Vet. App. 76, 82 (1998) ("Just as the [Veterans] Court's jurisdiction is dependent on a jurisdiction-conferring NOD, the Board's jurisdiction, too, derives from a claimant's NOD.").

The Veterans Court has jurisdiction to review decisions of the Board. 38 U.S.C. § 7252(a). A Board decision results from appellate review by the Board of agency action after the filing of a valid NOD. When, as in this case, it is established that a valid NOD has not been filed with respect to a veteran's claim, and as a result the Board has not issued a decision concerning the claim, the Veterans Court lacks jurisdiction over the claim.

*Ledford* clearly governs this appeal. In that case, the veteran initially was awarded a 100% disability rating based on individual unemployability. *Ledford*, 136 F.3d at 777. Subsequently, that rating was terminated and changed to a schedular rating that was for a time reduced

to 70% before being increased back to 100% as a result of two NODs filed by the veteran which contested the reduction of the schedular rating. *Id.* The veteran later sought an earlier effective for his benefits on the ground that the termination of his individual unemployability benefits was unlawful. *Id.* at 778. The RO and the Board denied his earlier effective date claim, and the Veterans Court held that it lacked jurisdiction over the veteran's appeal. *Id.* Because the veteran never filed an NOD contesting the validity of termination of his individual unemployability benefits, and the Board never issued a decision concerning that termination, the Veterans Court lacked jurisdiction over the veteran's claim. *Id.* at 779 ("In short, there was no Board decision for the [Veterans Court] to review concerning the propriety of the termination, and thus the court had no jurisdiction to consider that issue."). The decision in *Ledford* held that jurisdiction in the Veterans Court was additionally lacking because the veteran could point to no NOD expressing disagreement with the conversion of his unemployability rating to a schedular one. *Id.* ("An NOD is required to initiate the appellate review process, 38 U.S.C. § 7105(a) . . . .").

In this case, Vest acknowledges that the jurisdiction of the Veterans Court depends on a valid NOD and a decision by the Board on the matter in question. Appellant's Opening Br. at 16.

Despite this acknowledgement and the absence of any challenge to the Board's holding that no NOD exists as to his 1971 tinnitus claim, Vest argues that the Veterans Court should have exercised its discretion to consider his claim that the 1971 tinnitus claim remains open because of a failure of the agency to provide him with notice of appeal rights at the time that claim was initially denied. He also claims a basis for jurisdiction in the Veterans Court under *AG v. Peake*, 536 F.3d 1306 (Fed. Cir. 2008), a case in which this court vacated a decision of the Veterans Court and remanded the issue of whether the veteran's claim remained

open due to the failure of the agency to give notice of appeal rights. *Id.* at 1310–11.

Vest is correct in arguing that the Veterans Court has a measure of discretion to consider arguments raised to it for the first time, (*see, e.g.*, *Maggitt v. West*, 202 F.3d 1370, 1378 (Fed. Cir. 2000)) such as his argument that he was denied appeal rights by the RO when his tinnitus claim was rejected long ago. But such discretion can only be exercised when the Veterans Court has jurisdiction over a veteran's underlying claim. Here, Vest abandoned his opportunity to show that his March 1972 Letter was a sufficient NOD for his tinnitus claim and failed to show a Board decision on his claim that the Veterans Court could review, thus undermining the jurisdiction for his appeal to the Veterans Court. And on appeal, Vest argues that his April 2019 letter was always about obtaining an earlier effective date for his tinnitus claim and seems to suggest that his 2020 NOD constituted an NOD for his tinnitus claim. Appellant's Opening Br. at 10; Oral Arg. at 7:46–8:40. Both the April 2019 letter and the 2020 NOD, however, were limited to the issue of whether Vest's March 1972 letter constituted an NOD and did not, in themselves, express disagreement with his tinnitus claim. *AG v. Peake* did provide relief where the agency had failed to provide notice of appeal rights to the veteran, but in that case the veteran had filed an NOD vesting the appellate process with jurisdiction over the subject matter of his claim. Vest's lack of an NOD over his 1971 tinnitus claim distinguishes him from the veteran in *AG v. Peake*. Even if the failure to provide notice of appeal rights extended the time for filing an NOD, the fact is that Vest never filed an NOD.

After some discussion at oral argument about the precise contours of the government's opposition to Vest's appeal here, the government argues that the absence of an NOD on Vest's 1971 tinnitus claim and the absence of any decision by the Board on that matter deprive the Veterans Court of jurisdiction over this appeal. Oral Arg. at 24:06–

24:22. Vest did not object to the refinement of the government's opposition at oral argument. We agree with the government that absence of an NOD on the 1971 tinnitus claim and the attendant lack of any decision by the Board on that claim defeat jurisdiction in the Veterans Court.

## III. CONCLUSION

After full review of the record and Vest's arguments, we *affirm* the dismissal of the appeal by the Veterans Court because of lack of jurisdiction.

**AFFIRMED**

No costs.