# United States Court of Appeals for the Federal Circuit

2008-7119

MONIKA M. KNOWLES,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas argued for claimant-appellant.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2008-7119

MONIKA M. KNOWLES,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1996, Judge Alan G. Lance, Sr.

_____

DECIDED:  June 26, 2009

_____

Before LOURIE, ARCHER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Monika M. Knowles ("Knowles") seeks review of a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming-in-part and vacating-in-part a decision of the Board of Veterans' Appeals ("Board").  Knowles v. Peake, No. 06-1996, 2008 WL 1043148 (Vet. App. Mar. 31, 2008) ("Decision").  Because the Veterans Court correctly held that Knowles's finality claim was an impermissible freestanding challenge to the finality of a prior regional office ("RO") decision, we affirm the decision of the Veterans Court.

## I. BACKGROUND

Knowles was discharged from active duty in the United States Navy in April 1979. In November 1979, the RO issued a rating decision granting service connection for Crohn's disease, for which she was assigned a 10% disability rating. Knowles acknowledges receiving written notice of this decision but believes that it contained various technical defects, including inadequate notice of the reason for the decision. She did not appeal the 1979 RO decision. In June 1983, Knowles filed a claim for an increased rating for Crohn's disease, alleging a worsening of her condition. This claim was denied and, likewise, was not appealed. In March 1986, Knowles again filed a claim for an increased rating, which was denied in April 1986. Although Knowles filed a Notice of Disagreement ("NOD") with the RO regarding its 1986 decision, she did not perfect her appeal by filing a Substantive Appeal. Later, after receiving additional claims from Knowles, the RO issued a decision in August 1995 awarding a 60% disability rating for Crohn's disease and a total disability based on individual unemployability ("TDIU") rating, both effective March 1986, the date of her 1986 claim for an increased rating. She did not appeal the 1995 RO decision.

The present appeal stems from two separate claims that Knowles filed with the RO in November 2002. At that time, she alleged in the alternative that the 1979 RO decision (1) lacked finality due to both insufficient notice of the reason for the decision and a failure to assist, and (2) contained clear and unmistakable error ("CUE") due to a failure to fully and sympathetically develop her claim. The RO denied both of these claims. As to the finality claim, the RO noted that Knowles failed to appeal the 1979 RO decision within one year of receiving written notice. The RO also found no CUE in the

1979 RO decision. Knowles then appealed the RO's decision, and the Board affirmed the denial of both claims. It found that the 1979 RO decision was final because notice of the reason for the decision was adequate and because a breach of the duty to assist does not vitiate finality. The Board also found no CUE in the 1979 RO decision, stating that a failure to assist cannot form a basis for a CUE claim.

On appeal to the Veterans Court, Knowles appealed both issues but argued only that the 1979 RO decision lacked finality. The Veterans Court affirmed the Board's denial of the CUE claim and vacated as ultra vires the Board's findings concerning the finality of the 1979 RO decision. In so doing, the Veterans Court observed that "'[t]here is no section in title 38 that creates a procedure for making a freestanding challenge to the finality of a prior decision.'" Decision, 2008 WL 1043148, at *1 (quoting DiCarlo v. Nicholson, 20 Vet. App. 52, 57 (2006), aff'd, 280 Fed. App'x 988 (Fed. Cir. 2008) (unpublished)). The Veterans Court stated that it was vacating the Board's finality findings "to ensure that they do not have any preclusive effect if and when they become relevant in a future adjudication." Id.

Knowles appeals to this court only the denial of what she characterizes as a "finality claim." We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

In reviewing a decision of the Veterans Court, this court has jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). "This court reviews legal determinations of the Veterans Court under a de novo standard." Buchanan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006).

Knowles argues that she was entitled to challenge the finality of the 1979 RO decision because finality is a prerequisite to a valid request for revision of that decision on the basis of CUE. The government counters that Knowles did not need an initial determination of whether the 1979 RO decision was final in order to request revision because, under 38 U.S.C. § 7105(c), the 1979 RO decision became final when she did not directly appeal it.

We agree with the government that the 1979 RO decision was presumptively final based on Knowles's acknowledged receipt of the decision and her subsequent failure to initiate a timely appeal. See 38 U.S.C. § 7105(b)(1) ("Except in the case of simultaneously contested claims, notice of disagreement shall be filed within one year from the date of mailing of notice of the result of initial review or determination."); Cook v. Principi, 318 F.3d 1334, 1336 (Fed. Cir. 2002) (en banc) ("If a veteran fails to appeal from an RO decision concerning a claim, the decision becomes 'final,' and 'the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title.'" (quoting 38 U.S.C. § 7105(c))). Unlike a direct appeal, a request for revision on the basis of CUE in an RO decision "may be made at any time after that decision is made." 38 U.S.C. § 5109A(d) (emphasis added). As the government itself acknowledges, "Ms. Knowles properly raised a CUE challenge concerning the 1979 RO decision," Gov't Br. 13, without needing to separately prove that the decision was final. Knowles's assertion of a need to obtain a ruling on a separate "finality claim" thus rings hollow.

Moreover, despite Knowles's argument to this court that her CUE claim required her to first establish the finality of the 1979 RO decision, Knowles's "finality claim" seeks

to do the opposite. The "finality claim" asserts that the 1979 RO decision lacks finality due to inadequate notice of the reason for the decision. The "finality claim" thus attempts to reopen the 1979 RO decision outside the time period for direct appeal. Reopening a decision at that point in time can be done only through one of the statutory or regulatory exceptions to the rule of finality. See Cook, 318 F.3d at 1336.

We have identified "two statutory exceptions to the rule of finality": (1) a CUE challenge under 38 U.S.C. §§ 5109A and 7111; and (2) a claim to reopen based on new and material evidence under § 5108. Cook, 318 F.3d at 1337. In addition, 38 U.S.C. § 7103(a) authorizes the Chairman of the Board to order reconsideration of a Board decision, and § 7103(c) authorizes the Board to correct obvious errors in the record. See DiCarlo, 20 Vet. App. at 56 (discussing statutory exceptions). Knowles does not argue that her "finality claim" falls within any of these statutory exceptions. Indeed, her "finality claim" is a separate claim from her CUE challenge to the 1979 RO decision, the denial of which she has not appealed to this court.

Section 7105(c) of title 38 also provides recourse from a final decision under "regulations not inconsistent with this title." 38 U.S.C. § 7105(c). One such regulation is found at 38 C.F.R. § 3.109(b) (2008). That regulation allows for an extension of the one-year time limit within which to challenge an adverse RO decision, even after the time limit has expired, if "good cause" is shown. Id. When promulgating this regulation, the Department of Veterans Affairs stated that "the failure to provide notice to a claimant or beneficiary would clearly be good cause for extending the time limits for action," adding that "[i]neffective notice is tantamount to no notice." Procedural Due Process, 55 Fed. Reg. 13,522, 13,526 (Apr. 11, 1990); see AG v. Peake, 536 F.3d 1306, 1311 (Fed.

Cir. 2008) (holding that, due to RO's failure to notify claimant of appeal rights, claimant "will have the opportunity, on remand, to challenge the 1985 determination that he did not file a NOD in 1984, to show good cause for why he could not file in 1984, and to demonstrate that his 1985 NOD should be considered timely, pursuant to 38 C.F.R. § 3.109(b)"). The government has indicated that § 3.109(b) applies to claims predating the promulgation of that provision. See AG, 536 F.3d at 1309 n.4. Here, however, Knowles does not argue that her claim falls under § 3.109(b), and it is uncontroverted that she never attempted to appeal the 1979 RO decision by filing a NOD.

The government candidly acknowledges that if the real motivation behind Knowles's "finality claim" was to obtain an earlier effective date than the 1986 date awarded in the 1995 RO decision, then "Knowles could have raised, and is still free to raise, a CUE challenge to the 1995 RO decision." Gov't Br. 11. We agree that a CUE challenge, as one of the statutory exceptions to the rule of finality, would be a proper procedure for Knowles to seek an earlier effective date in the 1995 RO decision on the basis that her 1979 claim remained pending. However, we express no view on the merits of such a challenge, other than to note that the 1986 effective date awarded in the 1995 RO decision appears to correspond to "the date of receipt" of Knowles's 1986 claim for an increased rating under 38 U.S.C. § 5110(a). To establish 1979 as the effective date for her 60% and TDIU ratings, Knowles would need to establish not only that the 1979 claim remained pending but also, as the Veterans Court hypothetically noted, that the RO "incorrectly identif[ied] the matter as a claim for an increased rating rather than a continuation of the original claim." Decision, 2008 WL 1043148, at *2.

For the foregoing reasons, we hold that the law does not recognize a freestanding "finality claim" filed after the period for direct appeal has expired. After that time, any challenge to the finality of a prior RO decision must be raised through one of the statutory or regulatory exceptions to the rule of finality, such as a request for revision on the basis of CUE or a request for extension of time under 38 C.F.R. § 3.109(b). The final judgment of the Veterans Court is

<u>AFFIRMED</u>.

COSTS

Each party shall bear its own costs.