NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TONY R. ROSS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7143

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3381, Judge William A. Moorman.

---

Decided: January 19, 2011

---

TONY R. ROSS, Little Rock, Arkansas, pro se.

JEFFREY A. REGNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD

D. LESTER, JR., Assistant Director.  Of Counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, LINN and MOORE, *Circuit Judges*.

PER CURIAM.

Tony Ross appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") denying his claim for an earlier effective date for a service-connected posttraumatic stress disorder. *Ross v. Shinseki*, No. 08-3381, 2010 U.S. App. Vet. LEXIS 1415 (Vet. App. July 30, 2010).  For the following reasons, this court affirms.

BACKGROUND

Ross served in the United States Army from October 1985 to July 1988.  On May 15, 1997, Ross filed a claim for service connection for posttraumatic stress disorder with a regional office of the Department of Veterans Affairs ("Department").  In 1998, the office denied his claim, finding no medical evidence that Ross suffered from posttraumatic stress disorder.  In 2003, after Ross moved to reopen his claim and submitted to a medical examination, the office granted him service connection for posttraumatic stress disorder effective on the date that Ross moved to reopen his claim—January 15, 2002.  Ross did not appeal that decision, which then became final.

On October 28, 2004, Ross submitted a new claim seeking an earlier effective date for his service-connected posttraumatic stress disorder to the regional office. The office concluded that Ross was not entitled to an earlier

effective date and denied his claim. On appeal, the Board dismissed his claim, finding that his request for an earlier effective date was an improper free-standing challenge to a final decision of the office. The Veterans Court affirmed the decision of the Board, and Ross timely appealed. This court has jurisdiction under 38 U.S.C. § 7292.

### DISCUSSION

Ross argues that he is entitled to an earlier effective date for his service-connected posttraumatic stress disorder. He contends that "[t]hey never explained to me why I was declared non-service connected [for] [posttraumatic stress disorder] in 1997 or 1998." Ross did not contest the decision setting the effective date or contend in connection with his earlier appeal that an explanation was lacking. Because his failure to appeal resulted in that decision becoming final, he can only challenge the basis for that decision now by either asserting clear and unmistakable error or presenting new and material evidence. *See Knowles v. Shinseki*, 571 F.3d 1167, 1169 (Fed. Cir. 2009). He has done neither. Accordingly, the Veterans Court properly affirmed the Board's dismissal of his claim, and there is no basis for this court to overturn that ruling.

### CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is affirmed.

### **AFFIRMED**

### COSTS

Each party shall bear its own costs.