NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELAINE B. SHAW,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1070

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-8171, Judge Coral Wong Pietsch.

---

Decided: June 17, 2025

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENNETH M. CARPENTER.

EMMA E. BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, ANDREW J. STEINBERG,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————————

Before HUGHES, CUNNINGHAM, and STARK, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Appellant Elaine B. Shaw, the surviving spouse of veteran William J. Shaw, appeals a decision from the Veterans Court holding that (1) it lacked jurisdiction to adjudicate her claims on appeal because there was no decision from the Board of Veterans' Appeals adjudicating those claims, and (2) she forfeited any challenge to the Board's denial of her husband's prior Clear and Unmistakable Error claim. The Veterans Court correctly declined to exercise jurisdiction over Mrs. Shaw's claims, which it determined were new claims raised for the first time on appeal. We lack jurisdiction to review the Veterans Court's determination that Mrs. Shaw forfeited any challenge to the Board's decision because a finding of forfeiture is based on factual findings and the application of law to fact, neither of which we are permitted to review under 38 U.S.C. § 7292(d)(2). Thus, we affirm-in-part and dismiss-in-part.

I

In September 1968, a VA regional office denied Mr. Shaw's claim for service connection, finding that his "ankle condition and muscular atrophy were not incurred in or aggravated by [] service." J.A. 28; *see also* J.A. 27 (the rating decision form noting "ankle condition; progressive muscular atrophy"). Mr. Shaw was notified of this decision and did not appeal. J.A. 2 n. 3, 28, 110. In May 2019, and again in February 2020, Mr. Shaw filed a motion for revision of the September 1968 rating decision based on Clear and Unmistakable Error (CUE). J.A. 87–94, 110. He alleged that the Regional Office's (RO) September 1968 rating decision applied the wrong legal standard for

demonstrating service-connected injury and accordingly erred in finding that there was no record of an in-service injury. J.A. 91–94. The RO denied the revision, and on appeal, the Board rejected Mr. Shaw's allegations of CUE. J.A. 126 (Board finding that the September 1968 rating decision had considered "[t]he correct facts as they were known at the time . . . and the statutory or regulatory provisions extant at that time were correctly applied."). Mrs. Shaw, substituting for Mr. Shaw after he passed away, raised a different CUE claim on appeal to the Veterans Court. She alleged that the September 1968 rating decision addressed muscular atrophy, but never adjudicated Mr. Shaw's claim for service connection for progressive muscle atrophy. J.A. 176. She also argued that, because the RO's decision letter only referenced muscular atrophy, it amounted to a notification error, and the September 1968 rating decision never became final. J.A. 170–73. In July 2023, the Veterans Court dismissed Mrs. Shaw's appeal, stating that it lacked jurisdiction over her new CUE and finality claims, and that she had abandoned any challenge to the Board's decision denying her husband's CUE claim. *Shaw v. McDonough*, No. 21-8171, 2023 WL 4736447, (Vet. App. July 25, 2023); J.A. 1–10. Mrs. Shaw timely appealed. J.A. 11.

II

Our jurisdiction to review decisions of the Veterans Court is limited to those appeals that challenge the validity of any statute or regulation, any interpretations thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292(c). We are barred from reviewing "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). To the extent we have jurisdiction, as relevant to this case, we may only set aside a Veterans Court's legal conclusion if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1)(A).

### III

### A

"A prerequisite to Veterans Court jurisdiction is a decision of the Board." *Bean v. McDonough*, 66 F.4th 979, 988 (Fed. Cir. 2023). Here, the Veterans Court determined that there was no Board decision on the CUE claim or finality claim raised by Mrs. Shaw. J.A. 5–8. The Veterans Court correctly concluded that it does not have jurisdiction to review issues about which the Board has not rendered a decision. *See* 38 U.S.C. § 7252(a); *Maggitt v. West*, 202 F.3d 1370, 1375 (Fed. Cir. 2000) ("[T]he jurisdiction of the Veterans Court by statute only reaches to a 'decision of the Board.'" (quoting 38 U.S.C. § 7252(a))). On appeal to this court, Mrs. Shaw appears to argue that her CUE claim was properly before the Board, *see* Appellant's Opening Br. 8–9, presumably because Mr. Shaw's February 2020 CUE claim was broad enough to contain or imply it. We rejected this kind of argument in *Andre v. Principi*, where we explained that "a CUE claim subsumes a specific allegation of error" that *cannot* "encompass[] all potential allegations of clear and unmistakable error in the RO's decision." 301 F.3d 1354, 1361 (Fed. Cir. 2002) (holding that the Veterans Court does not possess jurisdiction to entertain a new CUE claim that had never been decided by the Board).

With regards to finality, Mrs. Shaw makes a similar argument. At oral argument, her counsel contended that finality is a "threshold issue," and that if the Board addressed a "downstream" allegation of CUE, then the Board implicitly addressed the threshold issue of finality. Oral Arg. at 0:48–1:56[1]; *see also* Appellant's Reply Br. 1, 3. We rejected this argument in *Knowles v. Shinseki*, 571 F.3d 1167, 1170 (Fed. Cir. 2009) ("[W]e hold that the law does

---

[1]    *Available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=24-1070_06032025.mp3.

not recognize a freestanding 'finality claim' filed after the period for direct appeal has expired."). As the Veterans Court explained, challenges to finality cannot be preserved in the way that Mrs. Shaw contends because a CUE claim is premised on finality. J.A. 8 ("Mrs. Shaw ignores that 'a CUE claim (or any collateral attack) cannot lie as to a decision that is still open to direct review. The sole purpose of a CUE claim is to provide a VA claimant with an opportunity to challenge a decision that is otherwise final and unappealable.'" (quoting *May v. Nicholson*, 19 Vet. App. 310, 317 (2005))). Thus, "any challenge to the finality of a prior RO decision must be raised through one of the statutory or regulatory exceptions to the rule of finality," *Knowles*, 571 F.3d at 1170, which, the Veterans Court found, is not what either Mr. or Mrs. Shaw had done. J.A. 6–8. Accordingly, we affirm the Veterans Court's legal conclusion that it lacked jurisdiction over Mrs. Shaw's new CUE claim and new finality claim raised for the first time on appeal.

B

Lastly, the Veterans Court held that Mrs. Shaw "abandoned any challenge against the Board's decision denying Mr. Shaw's February 2020 CUE motion[.]" J.A. 9. To the extent Mrs. Shaw challenges this portion of the Veterans Court's dismissal, we lack jurisdiction to review because a finding of forfeiture is based on factual findings and the application of law to fact. *See Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) ("[W]e are without jurisdiction to review a factual determination or an application of law to the particular facts in an appeal from the Court of Appeals for Veterans Claims." (citing *Lennox v. Principi*, 353 F.3d 941, 946 (Fed. Cir.2003) and 38 U.S.C. § 7292(d)(2)). The Veterans Court determined that none of the "purported CUE argument[s] raised in [Mrs. Shaw's] brief fit[] within any CUE argument that the Board addressed in its decision." J.A. 9. In similar circumstances, we have held that we did not have jurisdiction to review a

finding by the Veterans Court that the appellant "abandoned the CUE claims that had been decided by the Board." *Andre*, 301 F.3d at 1363.

## IV

We have considered Mrs. Shaw's remaining arguments and find them unpersuasive. We accordingly affirm the portions of the Veterans Court's decision on appeal that we have jurisdiction to review and dismiss the appeal as to the portions of the decision that we lack jurisdiction to review.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.