# United States Court of Appeals for the Federal Circuit

2006-1259

MUKAND INTERNATIONAL, LTD.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Peter J. Koenig, Miller & Chevalier, Chartered, of Washington, DC, argued for plaintiff-appellant.  With him on the brief was Jeffery C. Lowe.

Stephen C. Tosini, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Patricia M. McCarthy, Deputy Director.  Of counsel on the brief was Matthew D. Walden, Attorney-Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of Washington, DC.

Appealed from:  United States Court of International Trade

Chief Judge Jane A. Restani

# United States Court of Appeals for the Federal Circuit

2006-1259

MUKAND INTERNATIONAL, LTD.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  February 6, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and BRYSON, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

Mukand International, Ltd., appeals from a decision of the United States Court of International Trade denying its petition for a writ of mandamus.  <u>Mukand Int'l, Ltd. v. United States</u>, 412 F. Supp. 2d 1312 (Ct. Int'l Trade 2005).  We affirm.

I

When a product is imported into the United States, the importer must deposit estimated duties with Customs and Border Protection.  That deposit is made pending liquidation, which is the final computation or assessment of duties for a particular entry.  <u>See</u> 19 C.F.R. §§ 141.101, 141.103, 159.1.  If the Department of Commerce determines that foreign goods are being sold at "less than fair value," as calculated under a statutory formula, <u>see</u> 19 U.S.C. § 1677b, and if the International Trade Commission finds that such sales are injuring or threatening to injure a domestic industry, or that the

establishment of a domestic industry is materially retarded, Commerce is required to issue an antidumping duty order imposing additional duties on the imported good, see 19 U.S.C. § 1673. Customs is thereafter responsible for applying and enforcing the order. When Customs believes an antidumping duty order covers a particular imported good, it "suspends" liquidation of that entry. 19 C.F.R. § 159.58(a). If requested to do so, Commerce then conducts an annual review of the antidumping duty order and determines the final duty on each entry of covered goods. See 19 U.S.C. § 1675. When an annual review is completed, Commerce directs Customs to lift the suspension and liquidate entries covered by that year's review at the determined rate. See 19 C.F.R. § 351.212(a). The year-long periods covered by the annual reviews are called periods of review.

Commerce also provides a procedure, referred to as a "scope ruling," to allow an interested party to determine whether a particular import is covered by an antidumping duty order. 19 C.F.R. § 351.225. Within 45 days of receiving a scope ruling application, Commerce must either issue a final ruling on the matter or initiate a "scope inquiry." Id. § 351.225(c)(2). If Commerce chooses to initiate a scope inquiry, and if liquidation of the entry in question has already been suspended, the suspension of liquidation will continue for the duration of the scope inquiry. Id. § 351.225(l).

II

On February 21, 1995, Commerce issued an antidumping duty order imposing antidumping duties on stainless steel bar from India. Antidumping Duty Orders: Stainless Steel Bar from Brazil, India and Japan, 60 Fed. Reg. 9661 (Feb. 21, 1995). Between June 5, 2000, and January 8, 2002, Mukand imported stainless steel bar that

was made in the United Arab Emirates out of stainless steel wire rod from India. Both Customs and Commerce treated Mukand's entries as subject to the antidumping duty order through the two periods of review at issue here—the period covering February 1, 2000, through January 31, 2001, and the period covering February 1, 2001, through January 31, 2002.

During the administrative review for 2000-2001, no interested party submitted any comments relating to Mukand's entries. See Initiation of Antidumping and Countervailing Duty Admin. Reviews and Requests for Revocations in Part, 66 Fed. Reg. 16,037 (Mar. 22, 2001). Accordingly, on May 18, 2002, Commerce instructed Customs to liquidate Mukand's entries of stainless steel bar for the 2000-2001 period of review at the previously determined antidumping duty rate. Those entries were liquidated on February 27, 2004.

On March 7, 2002, Commerce commenced its review of the 2001-2002 period. This time an interested party submitted papers relating to Mukand's entries, causing a more in-depth review to occur for that period. On August 11, 2003, Commerce issued the final results of its review, in which Commerce determined an antidumping duty rate for Mukand's entries and provided notice to Mukand that Customs would be instructed to liquidate those entries at the determined rate. Mukand, 412 F. Supp. 2d at 1318 (citing Stainless Steel Bar from India; Final Results of Antidumping Admin. Review, 68 Fed. Reg. 47,543 (Aug. 11, 2003)). Commerce directed Customs to liquidate Mukand's entries on October 17, 2003, and Customs did so on November 14, 2003.

While Mukand did not timely participate in either administrative review, it submitted a complete scope ruling application on May 14, 2003, while the 2001-2002

administrative review was pending and thus while liquidation of Mukand's entries covered by the 2001-2002 period of review was suspended. Commerce, however, did not take any immediate action on that application.

More than a year later, on January 19, 2005, Mukand filed an action in the Court of International Trade seeking a writ of mandamus requiring Commerce (1) to issue a scope determination, (2) to suspend any further liquidation, and (3) to reliquidate the entries of stainless steel bar produced in the United Arab Emirates and refund all of Mukand's antidumping duties on those entries. While that action was pending, Commerce instituted a scope inquiry and determined that Mukand's entries were not covered by the antidumping duty order. See Notice of Final Results and Final Partial Rescission of Antidumping Duty Administrative Review: Stainless Steel Bar from India, 71 Fed. Reg. 37,905 (July 3, 2006). Accordingly, the parties agreed that the only issue remaining to be decided in the court action was the reliquidation and refund claim.

Mukand argued that the trial court had jurisdiction over the action pursuant to 28 U.S.C. § 1581(i), which is a residual jurisdictional provision that gives the Court of International Trade jurisdiction over, among other things, civil actions arising out of a federal law providing for "administration and enforcement" of duties. 28 U.S.C. § 1581(i)(4). The court found that Mukand's claim fell within section 1581(i)(4), but it stated that it would not "exercise subject matter jurisdiction" over the mandamus action. Mukand, 412 F. Supp. 2d at 1320. The court ruled that because Mukand failed to take timely action to prevent its entries from being liquidated and thus did not "diligently pursue its injunctive remedies," it was not entitled to the requested relief. Id. at 1319 n.11. Mukand appeals from the trial court's decision.

III

As an initial matter, we must determine whether the trial court had jurisdiction to address the merits of Mukand's mandamus request. The parties interpret the trial court's decision as dismissing the action for lack of jurisdiction based on Customs' liquidation of the subject entries. See Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) (liquidation of subject entries deprives court of jurisdiction under section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a, and 28 U.S.C. § 1581(c)). We think the court's order is more properly viewed as a ruling on the merits of the mandamus petition, but in any event, our recent decision in Shinyei Corp. of America v. United States, 355 F.3d 1297, 1305, 1312 (Fed. Cir. 2004), makes clear that the effect of liquidation under the injunction and liquidation provisions of section 516A does not divest the Court of International Trade of section 1581(i)(4) jurisdiction over an otherwise proper action for reliquidation. The trial court therefore had jurisdiction to consider the merits of this mandamus action, to which we now turn.

IV

Mandamus is a drastic and extraordinary remedy, to be granted only when three requirements are met. First, there must be "a clear duty on the part of the defendant to perform the act in question." Second, the plaintiff must possess a "clear right" to the relief sought. Third, there must be an "absence of an adequate alternative remedy." Timken Co. v. United States, 893 F.2d 337, 339 (Fed. Cir. 1990). Mukand alleges that Commerce, having failed to issue a final scope ruling within 45 days of Mukand's completed scope ruling application, must, under 19 C.F.R. § 351.225, be deemed to have initiated a scope inquiry after 45 days. For that reason, Mukand argues,

Commerce had a clear duty to continue suspension of liquidation for any entries whose liquidation was then suspended. Because its entries were improperly liquidated in contravention of that duty, Mukand contends that it had a clear right to demand reliquidation.

Even if Mukand's assertions are correct, Mukand is still not entitled to mandamus, because it failed to take advantage of adequate alternative remedies available to it at the time. Mukand took no action to compel Commerce to institute a scope ruling for more than one year from the date it claims to have had a right to continued suspension. Moreover, at any time before its entries were liquidated and after the forty-fifth day following the submission of its completed scope ruling application, Mukand could have filed a mandamus action to compel Commerce to institute a scope inquiry and order the continued suspension under 19 C.F.R. § 351.225. Mukand also could have filed an action seeking similar injunctive relief under section 1581(i). Having failed to avail itself of those alternative remedies, Mukand is not now entitled to mandamus.

Mukand incorrectly asserts that our decisions in Timken and Shinyei show that Mukand was not required to seek relief before its entries were liquidated. In Timken we held that a litigant who otherwise satisfied the mandamus requirements was not ineligible for relief because of the availability of an injunctive action at the time the litigant sought mandamus. 893 F.2d at 342. The issue addressed there was whether the possibility of seeking an injunction constituted an adequate alternative remedy that would defeat any request for relief by way of mandamus. Id. The court did not address whether a mandamus petitioner's failure to seek relief in a timely manner, either by

injunction or mandamus, precludes the petitioner from obtaining mandamus at a later time. In light of the Timken decision, the availability of injunctive relief would not have barred Mukand from seeking a writ of mandamus 45 days after it filed its scope ruling application. Timken does not stand for the proposition, however, that a party in Mukand's position has no obligation to seek relief, either through an injunction or a writ of mandamus, at some point before its entries are liquidated.

Shinyei is also inapposite. As noted above, in Shinyei we held that failure to file an injunction prior to liquidation does not divest the Court of International Trade of jurisdiction in a case such as this one. 355 F.3d at 1312. That holding does not speak to whether a litigant must diligently protect its rights in order to be entitled to relief by way of mandamus. Significantly, in Shinyei the importer diligently pursued its rights throughout by, among other things, filing a mandamus action before its entries were liquidated, a measure Mukand did not pursue. Mukand, by contrast, had adequate alternative remedies available to it but did not take advantage of those remedies in a timely fashion. The trial court therefore correctly held that Mukand is not entitled to a writ of mandamus. Accordingly, we uphold the court's order dismissing this action.

<u>AFFIRMED</u>.