NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICIA ANN AUSTIN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7149, -7150

---

Appeals from the United States Court of Appeals for Veterans Claims in No. 13-991, Chief Judge Bruce E. Kasold, and No. 13-1488, Judge William Greenberg.

---

Decided: February 5, 2014

---

PATRICIA ANN AUSTIN, of San Antonio, Texas, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General

Counsel and MARTIN J. SENDEK, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Patricia Ann Austin ("Austin") appeals from the decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing her notice of appeal for lack of jurisdiction and denying her petition for extraordinary relief. *See Austin v. Shinseki*, No. 13-991, 2013 WL 4400198 (Vet. App. Aug. 13, 2013); *Austin v. Shinseki*, No. 13-1488, 2013 WL 3243518 (Vet. App. June 27, 2013). Because the Veterans Court did not err in dismissing Austin's claim on the basis that there was no underlying decision from which to appeal and in denying her petition for extraordinary relief, we affirm.

## BACKGROUND

On April 4, 2013, Austin filed a notice of appeal at the Veterans Court, indicating that she was appealing a January 17, 2013 decision of the Board of Veterans' Appeals (the "Board"). On April 16, 2013, the Secretary filed a motion to dismiss that appeal, stating that Austin's claim for Veterans Administration ("VA") benefits was still pending before the VA Regional Office and had not been certified to the Board, that there was no Board decision issued to Austin on January 17, 2013, and that the Veterans Court lacked jurisdiction to consider the appeal due to the absence of a final Board decision.

On April 26, 2013, Austin filed a self-styled "Appellant's Petition for Extraordinary Relief" at the Veterans Court seeking a stay of the dismissal of her appeal "pending receipt of [the] decision and investigation by the Secretary at the [Regional Office] level." Resp't's App. at A14–17. On June 19, 2013, the Veterans Court issued an

order construing Austin's petition as both a response to the Secretary's motion to dismiss and as a petition for extraordinary relief. *Id.* at A20 The court noted that the Secretary's motion to dismiss stated that no Board decision had issued on January 17, 2013 and directed Austin to explain why her appeal should not be dismissed. *Id.*

On June 27, 2013, the Veterans Court denied Austin's petition, which it treated as a writ of mandamus, noting that extraordinary relief was "not necessary when a petitioner is merely seeking a stay of a dismissal of an appeal in a different matter already before the Court." *Austin*, 2013 WL 3243518, at \*1. The Veterans Court found that "nothing further [could] be granted as a result of this petition" because it had construed the petition as a response to the Secretary's motion to dismiss, which it was still considering. *Id.* at \*1.

On August 13, 2013, the Veterans Court dismissed Austin's appeal for lack of jurisdiction because Austin had "failed to demonstrate that a final Board decision ha[d] been issued in her case." *Austin*, 2013 WL 4400198, at \*1. Austin timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." We review legal determinations of the Veterans Court *de novo*. *Bailey v. West*, 160 F.3d 1360, 1362 (Fed. Cir. 1998).

Austin's informal brief argues that the Veterans Court incorrectly dismissed her case and "rendered a partial decision." Pet'r's Br. 1. However, Austin does not identify any error in the Veterans Court's finding that there was no final decision of the Board from which to appeal. The Veterans Court has jurisdiction to review a final decision of the Board. *See* 38 U.S.C. § 7252 (granting the Veterans Court jurisdiction to review "decisions" of the Board); 38 U.S.C. § 7266(a) (requiring individuals seeking review of "a final decision" of the Board to file a notice of appeal). In dismissing Austin's appeal, the Veterans Court's decision rested solely on its determination that Austin identified no final decision of the Board from which she was appealing, thereby failing to satisfy the requirement of § 7266(a).

Additionally, the Veterans Court did not err in denying Austin's petition for extraordinary relief, which it treated as a writ of mandamus, and construing it as an answer to the motion to dismiss. A writ of mandamus is an "extraordinary remedy." *Mukand Int'l, Ltd. v. United States*, 502 F.3d 1366, 1369 (Fed. Cir. 2007). "[T]he party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004). The Veterans Court was correct in determining that Austin's then-pending appeal provided an adequate means to seek the relief requested in her petition. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011) (affirming Veterans Court decision denying writ of mandamus because petitioner had adequate alternative means to attain the relief requested).

Austin further alleges various constitutional and civil rights violations by VA Regional Offices in her informal brief. However, the Veterans Court did not address any constitutional issues in its decision. Without an explana-

tion providing an adequate basis for Austin's claims, they are constitutional claims in name only and thus outside of our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding invocation of a constitutional label does not establish jurisdiction).

We have considered Austin's remaining arguments and conclude that they are without merit. For the foregoing reasons, we affirm the decisions of the Veterans Court dismissing Austin's appeal for lack of jurisdiction and denying her petition for extraordinary relief.

## AFFIRMED

COSTS

No costs.