NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY E. BELTON, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7104

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1799, Judge Mary J. Schoelen.

---

Decided: February 8, 2016

---

LARRY E. BELTON, SR., San Diego, CA, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Larry E. Belton, Sr. appeals pro se from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying his petition for a writ of mandamus. Because Mr. Belton failed to exhaust his administrative remedies before seeking mandamus relief, we *affirm*.

## BACKGROUND

Mr. Belton served in the United States Air Force and is a veteran of the Vietnam War. J.A. 128; S.A. 28. Mr. Belton is currently incarcerated. Mr. Belton seeks to apportion to his wife disability compensation received from the Department of Veterans Affairs ("VA") during his incarceration. J.A. 2, 128.

On April 24, 2015, Mr. Belton filed a petition for a writ of mandamus before the Veterans Court, asserting clear and unmistakable error. S.A. 6. Mr. Belton argues that mandamus relief is appropriate because the Board of Veterans' Appeals ("Board") failed to act on his motion seeking retroactive apportionment benefits for his wife. S.A. 7.

The Veterans Court denied Mr. Belton's petition and his motions for sanctions and to compel production because Mr. Belton failed to follow the proper administrative process for relief. S.A. 2–4, 162–63. The Veterans Court instructed Mr. Belton that he first needs to "pursue resolution of this issue with VA, e.g., by seeking issuance of a decision on the motions by the [regional office] or Board." S.A. 3.

Mr. Belton appeals. In the informal papers he filed before this Court, he claims that the VA wrongfully denied apportionment because the regional office lost his

marriage certificate and ignored other evidence.  J.A. 2.
We have jurisdiction under 38 U.S.C. § 7292.[1]

DISCUSSION

The scope of our review in an appeal from a Veterans
Court decision is limited.  We may review a Veterans
Court decision on a rule of law or the interpretation of any
statute or regulation that was relied on by the Veterans
Court in making the decision.  38 U.S.C. § 7292(a).  Ex-
cept as to constitutional issues, we cannot review chal-
lenges to a factual determination or challenges to a law or
regulation as applied to the facts of a particular case.  *Id.*
§ 7292(d)(2).

A writ of mandamus is an extraordinary remedy that
we will not grant without a clear right to the relief
sought.  *Mukand Int'l, Ltd. v. United States*, 502 F.3d
1366, 1369 (Fed. Cir. 2007).  A writ of mandamus should
not issue if the petitioner has administrative recourse in
the proceedings below.  *Lamb v. Principi*, 284 F.3d 1378,
1384 (Fed. Cir. 2002).

We conclude that the Veterans Court was correct to
deny Mr. Belton's writ of mandamus.  As the Veterans
Court observed, Mr. Belton cannot seek appellate relief
without first pursuing all administrative remedies.
*Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir.
2011) ("The only issue on appeal to this Court is whether
the Veterans Court properly denied a petition for writ of
mandamus when Mr. Hargrove could still avail himself of

---

[1]    Although unclear from the informal appeal, to the
extent Mr. Belton appeals from the Veterans Court's
decisions on his motions for sanctions and to compel
production, we lack jurisdiction over those matters be-
cause those decisions rest on the Veterans Court's appli-
cation of law to the facts.

his administrative appeal rights.  We conclude the Veterans Court properly denied the writ of mandamus.").

Because the Veterans Court did not err in denying mandamus relief, we *affirm*.

### AFFIRMED

COSTS

No costs.