NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————————

**TERRIS R. JONES, SR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

—————————————

2023-1843

—————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-660, Judge Coral Wong Pietsch.

—————————————

**O R D E R**

PER CURIAM.

Terris R. Jones, Sr., appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans' Court"), which dismissed an appeal of a remand order of the Board of Veterans' Appeals ("Board") for lack of jurisdiction. *Jones v. McDonough*, No. 23-660, 2023 WL 2249242, at *2 (Vet. App. Feb. 28, 2023).  For the reasons set forth below, the dismissal is affirmed.

## I

Mr. Jones served on active duty in the United States Navy from December 1988 to November 1992.  SAppx. 16.[1] In a March 2022 hearing, Mr. Jones testified before a Veterans' Law Judge to challenge a September 2014 rating decision.  *Id.*  On September 15, 2022, the Board remanded thirteen entitlement claims to the Agency of Original Jurisdiction for further development.  SAppx. 15–16.

On October 25, 2022, Mr. Jones appealed the remand order to the Veterans' Court by filing a notice of appeal. SAppx. 1.  The Veterans' Court construed Mr. Jones' notice of appeal as also implicating two other Board decisions, both dated October 4, 2022.  SAppx. 1 n.1.  The Veterans' Court ordered that the appeal of the two October 4, 2022 decisions proceed under Veterans' Court Case No. 22-6388. SAppx. 1 n.1.[2]

Mr. Jones' appeal of the Board's September 15, 2022 remand order continued as Veterans' Court Case No. 23-660.  SAppx. 1.  On December 22, 2022, the Secretary of Veterans Affairs moved to dismiss the appeal arguing that the September 15, 2022 remand order is not a final decision over which the Veterans' Court has jurisdiction, and that Mr. Jones "has not exhausted his administrative remedies."  SAppx. 1.  The Secretary also filed a motion to stay the proceedings pending a ruling on the motion to dismiss. SAppx. 2.  The Veterans' Court granted the motion to stay on February 8, 2023.  SAppx. 2.

On February 28, 2023, the Veterans' Court granted the motion to dismiss.  In that decision, the Veterans' Court explained that "[t]he Court's review is limited by statute to

---

[1]    "SAppx." refers to the supplemental appendix filed by the Secretary of Veterans Affairs in this court with its brief as respondent.

[2]    Mr. Jones prevailed in his appeal of one of the October 4, 2022 board decisions which was vacated and remanded on October 31, 2023, by the Veterans' Court.  *Jones v. McDonough*, No. 22-6388, 2023 WL 7135229, at *4 (Vet. App. Oct. 31, 2023).

timely appeals from final Board decisions." SAppx. 2. Therefore, the Veterans' Court held that it must dismiss the appeal for lack of jurisdiction because "[a] Board remand 'does not represent a final decision over which [the Veterans' Court] has jurisdiction,' and the Court therefore does not have jurisdiction to address any argument concerning the claims that the Board remanded on September 15, 2022." SAppx. 2 (quoting *Breeden v. Principi*, 17 Vet. App. 475, 478 (2004)).

The Veterans' Court also added that it did not have jurisdiction to address issues raised in Mr. Jones' response to the motion to dismiss related to the "March 2022 Board hearing" or issues related to the remand of claims that Mr. Jones alleges were "closed." SAppx. 2.

The Veterans' Court entered judgment on March 23, 2023. SAppx. 4. Mr. Jones timely filed his appeal on May 3, 2023, as permitted under 38 U.S.C. § 7292(a).

II

Our jurisdiction to review decisions of the Veterans' Court is limited. We have jurisdiction to review a "challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2002); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). This court reviews an interpretation of a statute by the Veterans' Court de novo. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1362 (Fed. Cir. 2005).

The Veterans' Court's jurisdiction is limited by statute. Specifically, "[t]he Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a) (1998). A remand by the Board is not a "decision" under this statute. *See Kirkpatrick*, 417 F.3d at 1364; 38 C.F.R. § 20.1100(b) (2023) ("A remand is in the nature of a preliminary order and does not constitute a final decision of the Board.").

Mr. Jones does not challenge the relevant statutory provisions with respect to the conclusion of the Veterans' Court that it lacked jurisdiction. Instead, Mr. Jones argues

that his appeal with the Veterans' Court was not intended to challenge the September 15, 2022 remand order but to report "wrongdoing" by the Board judge. Appellant's Informal Reply Br. 5. Mr. Jones alleges "Procedural Due Process" violations related to "written notice" for the March 2022 Board hearing and the remand of allegedly "closed claims." Appellant's Informal Br. 1–3, 11. However, Mr. Jones has not identified a particular jurisdictional basis for the Veterans' Court to review his issues in the absence of a final decision by the Board.

The Veterans' Court does not have jurisdiction in these circumstances absent a final decision from the Board. *See AG v. Peake*, 536 F.3d 1306, 1310 (Fed. Cir. 2008) (vacating a decision of the Veterans' Court because a notice issue rendered a Regional Office's decision "non-final"); *Best v. Brown*, 10 Vet. App. 322, 325 (1997) (failure to notify claimant that he was denied service connection for a particular condition constituted a procedural error under 38 C.F.R. §§ 3.103(e) and 3.104(a), rendered the RO's decision not final, and deprived the Veterans' Court of jurisdiction over the claim).

IT IS ORDERED THAT:

The Veterans' Court's judgment dismissing Mr. Jones' appeal for lack of subject-matter jurisdiction is affirmed.

COSTS

No costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 8, 2023
        Date